S. Samuel Di Falco, S.
In this proceeding for the settlement of the account, construction of the will is required in order to determine the disposition that must now be made of a residuary gift which has lapsed by reason of the death of the legatee prior to that of the testatrix.
The text of article Fifth and article Sixth of the will which gives rise to the question at issue here follows:
*947 “ FIFTH: Inasmuch as practically all of the property I now possess came to me from my dearly beloved husband, Morris Epstein, and in compliance with what I believe would be his wishes, I am giving whatever I may have left at the time of my decease, to his immediate relatives.”
“ SIXTH: I direct that all and every part of my estate owned by me at the time of my death, or that I may have an interest in, be divided and disposed of as follows: * * *
“ (i) Four per cent (4%) of my net estate is to be given to EMMA EPSTEIN, widow of my brother-in-law David Epstein.
* # * y>
The petitioners take the position that article Fifth of the will constitutes the dispositive directions for distribution of the residue. It is their contention that the legacy to Mrs. Epstein did not lapse by reason of her death but is distributable among the other members of the class described as “ immediate relatives ” of the husband of the testatrix. The Attorney-General of the State of New York urges a contrary view on behalf of the unknown distributees of the testatrix and insists that the ordinary rules of lapse apply.
There is absolutely no suggestion in article Fifth of the will that the testatrix was there making any disposition of her residuary estate. This she left for the succeeding paragraph. The court concurs in the position of the Attorney-General and holds that the legacy lapsed and must be distributed as in intestacy (Wright v. Wright, 225 N. Y., 329, 340).
Submit decree on notice construing the will in accordance with the foregoing and settling the account as filed.